BARBER *v.* KOLOWICH.

1. EVIDENCE—BANKS AND BANKING—FINANCIAL STATEMENT.
    Director of bank organized under State law is chargeable with
    knowledge thereof, and must be presumed to have made his
    financial statement to said bank, from which he borrowed
    money, for purpose of complying with law (3 Comp. Laws
    1929, § 11922).

2. FRAUDULENT CONVEYANCES—''CREDITOR''—RECEIVERS.
    Receiver of insolvent bank who had obtained judgment against
    director illegally borrowing money from bank, was ''creditor''
    within meaning of fraudulent conveyances act (3 Comp. Laws
    1929, § 13392).

3. SAME—HUSBAND AND WIFE—CREDITORS' SUITS.
    In judgment creditor's suit, conveyances whereby insolvent hus-
    band caused title to his real estate to be placed in himself and
    wife as tenants by entireties were properly held to be in, fraud
    of creditors, in absence of showing that wife was creditor he
    had right to prefer, or that there was antecedent debt which
    constituted consideration for said deeds (3 Comp. Laws 1929,
    §§ 13394, 13400).

Appeal from Wayne; Gillespie (Glenn C.), J.,
presiding. Submitted February 10, 1933. (Docket
No. 162, Calendar No. 36,744.) Decided April 4,
1933.

Bill in aid of execution by Everett W. Barber,
receiver of State Bank of America, against Adolph
Kolowich and others. Decree for plaintiff. De-
fendants appeal. Affirmed.

*James R. Neill* and *Neill E. Graham,* for plain-
tiff.

*John A. Hamilton,* for defendants.

Potter, J. Plaintiff recovered judgment against defendant Adolph Kolowich, November 29, 1930, for $19,608 and $22 costs; caused an execution to be issued which was returned unsatisfied, whereupon a second execution was issued and levied upon the real estate here involved. Plaintiff then filed a bill in aid of execution, it being claimed that deeds from Adolph Kolowich to Irvin Kolowich and from Irvin Kolowich to Adolph Kolowich and Katie Kolowich, his wife, amounted to fraudulent conveyances of such real estate. There was decree for plaintiff. Defendants appeal.

Adolph Kolowich, at the time he originally borrowed the money from the State Bank of America, of which plaintiff is receiver, and for which he recovered judgment, was a director and vice-president of such bank. March 8, 1919, before any suspicion arose as to the insolvency of the State Bank of America, defendant Adolph Kolowich and wife, Katie Kolowich, acquired the real estate in question from John Jaskulski, which deed was not recorded until January 13, 1922. On February 2, 1924, Adolph Kolowich and Katie Kolowich, his wife, deeded the premises in question to Joanna Kolowich, and she deeded them to Adolph Kolowich. Title of record was vested in Adolph Kolowich from February 7, 1924, until July 30, 1930, when the deeds of January 16, 1930, were recorded. Defendant Adolph Kolowich made to the State Bank of America a statement of his financial condition as of August 18, 1925, in which he listed total assets of $333,450, stating, however, that real estate owned jointly with his wife made up $232,500 of this property. In the statement of real estate filed with the bank, the property in question was listed at $75,000. In his statement to the bank, defendant Adolph Kolowich agreed to notify the bank promptly of

any material change in his financial condition. No further statement seems to have been filed with the bank. His son, George Kolowich, became president of the bank. December 31, 1926, defendant Adolph Kolowich borrowed from the State Bank of America $24,000 upon his promissory note. The capital stock of the bank, at the time this loan was made, was $100,000, and the amount borrowed was greater than defendant Adolph Kolowich was entitled to under the banking law, except upon an approval by a two-thirds vote of the directors of the bank, and then only when defendant furnished collateral or indorsement satisfactory to the directors, "or files with the bank a sworn statement of assets and liabilities showing a net worth of sufficient amount to be entitled to such credit." 3 Comp. Laws 1929, § 11922.

The State Bank of America, organized under the State banking law, was under State supervision, and defendant Adolph Kolowich, as a director of that bank, is charged with knowledge of the law under which it was created, and must be presumed to have made the financial statement in question for the purpose of complying with the banking law. Defendant Adolph Kolowich also owned 100 shares of stock in the State Bank of America, which was valued at $12,000. January 16, 1930, Adolph Kolowich and wife, Katie Kolowich, deeded the land in question to Irvin Kolowich, and he redeeded it to Adolph Kolowich and Katie Kolowich, his wife, by deed recorded July 30, 1930, some time after the State Bank of America closed. At the time the deeds attacked in this case were made, defendant Adolph Kolowich owed the bank more than $19,000, and had $10,000 in par amount of the stock of the bank upon which he was liable to an assessment in the sum of $10,000 in case it became insolvent. The

bank examiner visited the bank on January 30, 1930, and shortly thereafter the bank was closed and a receiver appointed. The defendant claims this real estate, which was originally acquired by Adolph Kolowich and wife in 1919, was acquired as a result of the joint efforts of Adolph Kolowich and wife, Katie Kolowich; that the same was deeded, so far as the interest of Katie Kolowich is concerned, by the deeds of 1924 to him to enable him to qualify upon a bond, and with the express agreement and understanding the property was to be deeded back, so as to place the title in defendant Adolph Kolowich and wife, Katie Kolowich, as tenants by the entirety. There is no evidence in the case to indicate what bond defendant Adolph Kolowich signed or was to sign; no proof that if he signed a bond his liability thereon had ceased; nothing to show his wife, Katie Kolowich, was a creditor whom he had a right to prefer; and no proof of any antecedent debt owed by him to her. Plaintiff, under the law of this State, was clearly a creditor (3 Comp. Laws 1929, § 13392); and defendant Adolph Kolowich, at the time of the levy of the execution to aid which this bill is filed, was insolvent. 3 Comp. Laws 1929, § 13393. There is no proof defendant Adolph Kolowich owed his wife, Katie Kolowich, an antecedent debt which constituted the consideration for the deeds attacked. 3 Comp. Laws 1929, § 13394. The conveyances in question must be held to be fraudulent as to plaintiff, who has a right to have them set aside to the extent necessary to satisfy his claim. 3 Comp. Laws 1929, § 13400.

We agree with the conclusions of the trial court, whose decree is affirmed, with costs.

MCDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.